## SACO WATER POWER COMPANY & al. *versus* ELIZABETH GOLDTHWAITE.

The occupation of land twenty years, as a mill-yard for piling logs, timber and boards, whatever might be its effect, as against the proprietor of the land, is sufficient evidence of title as against one who subsequently without title takes the occupation of it to himself.

In a *writ of entry*, adverse possession will not establish title in the tenant, unless commenced twenty years *before the suit.*

But in a *petition for partition* a sole seizin in the respondent may be established by a possession commenced twenty years *before the trial*, though less than twenty years *before the commencement of the process.*

ON REPORT from *Nisi Prius*, WELLS, J., presiding.

PROCESS FOR PARTITION of real estate.

PETITION by the Saco Water Power Company and Gideon Tucker, representing that they are tenants in common with others, to them unknown, of " the Bog Mill and the water and privilege used with, and to the same belonging ;" lying upon the north side of the road and bounded as follows, &c. and praying that their respective parts may be set off to them in severalty.

The petition was filed at February term, 1844. The appearance of the respondent was entered at May term, 1844, and her brief statement was filed at the September term, 1852 ; alleging a sole seizin in herself of a specified part of the land. At the April term, 1853, she filed a further brief statement, alleging that, as to the lot described in her first brief statement, she had acquired an indefeasible title by a

grant, to be presumed from an adverse, open, notorious, and exclusive possession for more than twenty years.

At the trial, the petitioners' ownership in the mill and mill privilege was admitted by the respondent, but she denied that the lot described in her brief statement was a part of the mill privilege. And the petitioners admitted that the house built by J. K. Cole, about the year 1830, has ever since been occupied by him, or by the respondent, as his grantee.

It was then testified by a witness for the petitioners, *that* from the year 1802, the mill owners had occupied the land on the North side of the road, for piling logs, boards and other lumber, as each one had occasion, and found a space to do it in ; — *that* the house, now occupied by the respondent, was built by J. K. Cole about the year 1830 ; — *that*, until the house frame was raised, the land where it stands had been always since 1802 occupied by the mill owners as a depository for boards and timber. The plan used at the trial shows that no part of the lot claimed by the respondent is more than 134 feet distant from the mill.

The case was then submitted to the Court upon the following stipulations : —

"If the Court shall be of opinion, that the petitioners, by such possession and improvement, as was testified to, if proved to have continued more than 20 years, could not acquire such title to the premises described in the respondent's brief statement as would enable them to maintain their petition for partition, then judgment is to be rendered for the respondent, as to the premises so described, and the petitioners are to have judgment, as prayed for, of the residue of the premises described in their said petition.

"If the Court shall be of opinion that the petitioners, by such a possession and occupancy of the premises as was testified to, could acquire such a title as would enable them to maintain their petition, but that the respondent by her disseizin, which commenced less than 20 years before the filing of this petition, but has now continued more than 20 years, has acquired a perfect title, then Edward E. Bourne, Esq. is

to hear the parties and decide as to how much she has acquired a title to by an exclusive and adverse possession for more than 20 years, and as to that, judgment is to be rendered for the respondent, and as to the residue described in the petition, for the petitioners.

" But if the Court shall be of opinion that the petitioners could upon such evidence of possession and improvement, so continued, acquire such title as would enable them to maintain their petition, and that the respondent has not acquired a title to the premises, described in her brief statement, by her disseizin commenced and continued less than 20 years before filing this petition, then the report is to be set aside and the cause to stand for trial."

*Eastman,* for the petitioners.

1. The title of the petitioners to a proportion of the mill, and of the mill privilege, is conceded, and their co-tenants are owners of the residue.

Was the land, claimed by the respondent, a part of the mill privilege ? If it was, the petitioners *have had* a right to partition thereof.

What is a mill privilege ?

In *Moore* v. *Fletcher,* 16 Maine, 65, the present Chief Justice says, " By the privilege of a mill, or its equivalent, mill privilege, is understood the land and water used with the mill, and on which it and its appendages stand."

In *Maddox* v. *Goddard,* 15 Maine, 224, the present Chief Justice says, " It is not unusual, in our early history, to find mill privileges conveyed without any exact bounds; and such deeds have been held to convey so much land, as was necessary, and customarily used with the mill." See also *Blake* v. *Clark,* 6 Greenl. 436 ; and *Whitney* v. *Olney,* 3 Mason, 280.

In this case the whole lot was commonly used with the mill, and therefore comes strictly within the definition of a mill privilege.

It was claimed as a part of the mill privilege, and occupied as such, down to the time when the respondent's house was

built. Logs, timber, boards, and other lumber, were piled there, by the mill owners, all, or nearly all, the time, a period of nearly thirty years.

If it embraced less than the whole, including the piece claimed by the respondent, how much less, and where were its boundaries?

Even if it had not been *necessary* for the use of the mill, the use of it by the mill owners was such, as to give them a good title as against this respondent, who makes no pretence, that she or her grantor had any title to, or possession of, the premises claimed by her, prior to 1830. Her grantor and she are both strangers to the original title, and their only claim is, by a disseizin of the mill owners, at that time, without any pretence of any previous title or claim.

In this process, then, the petitioners should not be compelled to prove a good title against all the world; but their possession, prior and long continued, should be held as sufficient evidence of title. Stearns on Real Actions, p. 213.

But the proof of occupancy, by the mill owners, was such, as would give them a good title, as disseizors, even against a prior owner.

The land was occupied in the manner that mill owners usually occupy mill privileges. These are never fenced by the mill owners. They have no occasion for fencing.

The owners of the mill occupied this land in common, as they used and occupied the mill; and for the purposes of the mill, as owners, and not otherwise, and their occupancy was constant, uninterrupted and exclusive.

The petitioners therefore, having purchased a part of the premises, and shown a right of entry, have a right to partition. R. S. c. 121, § 2.

2. Has the disseizin, by the respondent and her grantor, which commenced *less than* 20 years before this petition was filed, ripened into a right during the pendency of this process?

The respondent entered her appearance, and filed her plea in the District Court, at the May term, 1844, as appears by

the plea *itself*, alleging therein that she had a right to be heard. Her further plea was filed in the Supreme Judicial Court, at the Sept. term, 1852.

The well known principle of law is, that, in all actions and processes, the rights of the parties are to be determined, according to the state of the facts as they existed *at the time when the proceedings were commenced.* No limitations run during the pendency of an action. Neither party can acquire new rights by keeping an action in Court.

Is the process for partition an exception ?

Under our present law, the process for partition is an adversary proceeding, in which all persons interested are notified, and have a right to appear and be heard ; and by it are concluded the rights of all those who have, or might become parties. *Cook* v. *Allen,* 2 Mass. 462 ; *Marshall* v. *Crehore,* 13 Metc. 462.

There is nothing in the Revised Statutes from which an inference could be drawn, that a delay or a continuance of the process in Court should give either party new rights, or deprive either party of any rights existing at the time the petition was filed.

The maintenance of the process must depend upon the question, whether the petitioner had a right of entry *when the petition was filed. Baylies* v. *Bussey,* 5 Greenl. 153, (157-8.)

In petitions for partition, the rights of the parties must be determined upon the facts as they existed *when the process was instituted.* A tenant in common of a reversion, expectant upon a lease for years, cannot maintain the process, even though the lease should *expire before the adjudication. Hunnewell* v. *Taylor & als.,* 6 Cush. 472, (476.)

The fact of sole seizin, put in issue by the pleadings, " can properly apply only to sole seizin *at the time when the partition was filed.*" *Mallett* v. *Foxcroft,* 1 Story, 474, (476.)

Where, in a proceeding for partition, there is evidence of possession for 20 years *before suit,* adverse to the petitioner, it is a bar to the petition. *Clapp* v. *Bromagham,* 9 Cow. 530. (550, 561.)

We contend, therefore, that this respondent acquired no rights by the running of the statute of limitations, after the petition was filed ; and as she had then been in possession less than fourteen years, she has acquired no right by possession.

*J. Shepley,* for the respondent.

1. If any right whatever can be acquired by such acts as are stated in the testimony, it amounts to a mere easement, and not a fee simple estate in the premises. *Stetson* v. *Veazie,* 2 Fairf. 408 ; *Littlefield* v. *Maxwell,* 31 Maine, 134 ; *Monmouth C. Co.* v. *Harford,* 1 Cromp. Meas. & Rose, (614,) 631.

But not even an easement was acquired. 2 Greenl. Cruise, p. 219, § 16 ; old ed. vol. 3, p. 424 ; 31 Maine, 134, before cited ; 2 Greenl. Ev. § 539, and authorities cited ; *Donnell* v. *Clarke,* 19 Maine, 175.

2. Of land, which is open, unfenced and unenclosed, no fee simple estate can be acquired merely by the occasional piling of logs and boards thereon, at certain times, and the removal of them shortly afterwards. *Bethum* v. *Turner,* 1 Greenl. 111 ; *Tilton* v. *Hunter,* 24 Maine, 32 ; *Foxcroft* v. *Barnes,* 29 Maine, 131 ; *Littlefield* v. *Maxwell,* 31 Maine, 134 ; *Gloucester* v. *Beach,* note to 2 Pick. 60 ; *Thomas* v. *Marshfield,* 13 Pick. 249, 2 ¶ ; *Slater* v. *Jepherson,* 6 Cush. 129, noticing a distinction said to exist between decisions in Mass. and Maine, and some others ; *Bailey* v. *Carleton,* 12 N. H. 18.

3. The petitioners are not entitled to have partition of land to which the respondent, *at the time of the trial,* had a perfect title. The filing of the petition and the proceedings thereon thus far, did not interrupt or purge the disseizin ; and sufficient time had elapsed to give title to the respondent, when the trial took place, if not at the time of filing the petition.

The filing of the petition, and even judgment thereon, makes no interruption to the claim for betterments by six years adverse possession. *Baylies* v. *Bussey,* 5 Greenl. 153 ; *Tilton* v. *Palmer,* 31 Maine, 487.

To obtain betterments, there must be six years adverse possession. *Treat* v. *Strickland,* 23 Maine, 237, 238.

In petitions for partition "no precept ever issues' in the nature of an execution to put the petitioner into possession." *Baylies* v. *Bussey*, before cited, 5 Greenl. 159; R. S. c. 121, § 9, 11.

WELLS, J. — The parties have agreed, that "if the Court shall be of opinion, that the petitioners by such a possession and occupancy of the premises as were testified to by the witness, could acquire such a title as would enable them to maintain their petition, but that the respondent by her disseizin, which commenced less than twenty years before the filing of their petition, but has now continued more than twenty years, has acquired a perfect title, then Edward E. Bourne, Esq. is to hear the parties, and decide as to how much she has acquired a title to, by an exclusive and adverse possession for more than twenty years, and as to that judgment is to be rendered for the respondent, and as to the residue described in the petition, for the petitioners."

If the petitioners do not show any title to the premises of which partition is sought, by documents or records, except to their proportions of the mill and privilege as described in their petition, it appears by the evidence, that the mill owners had used the premises for more than twenty years before the entry by the grantor of the respondent, by piling logs, timber and boards upon them. The possession and occupancy consisted in the use of the premises as a mill-yard. And such use of the premises, excepting that part of them taken by the grantor of the respondent, was continued by the mill owners. It does not appear to be necessary to decide what effect should be given to such acts against one having a lawful and valid title. For the grantor of the respondent, when he erected his house in 1830, had no title to the land, and it is admitted that he was a disseizor of the lawful owner. He entered upon those, who were then using the premises as a mill and lumber yard. They might have had title, it does not appear, that they had not. The presumption is that they were acting lawfully until their acts are shown to be unlaw-

ful. The manner in which they occupied the land, without any exhibition of title on the part of others, would be *prima facie* evidence of title in themselves against a mere stranger to it. Stearns on Real Actions, 239.

It does not appear whether the petitioners or their grantors were in the occupation of the premises, at the time when the grantor of the respondent commenced his possession. In the absence of all proof of an outstanding title in third persons, the occupation of either would be presumptive evidence of a title in them. Whoever the occupants were at that time, they were dispossessed of that part of the premises of which the respondent or her grantor took possession. The remainder of the premises after such possession taken, would be subject to the same presumption as previously existed, and the petitioners while in the occupation, would be entitled to the benefit of it.

The respondent could have no legal ground to deny to the petitioners the dominion over such part of the premises as was not in her possession, nor to interpose any obstacle to a partition of the same.

When the petition was filed, the disseizin made by the grantor of the respondent had not continued twenty years, but at the time of the trial more than twenty years had elapsed since it first commenced. The pendency of the petition is not considered as having the effect of a writ of entry, and as putting an end to the disseizin. The object of the petition is a division of the land between those, who have lawful title. When the petition was filed and notice given, the respondent had no title, her appearance before her title accrued could not deprive her of rights subsequently acquired. *Tilton* v. *Palmer*, 31 Maine, 486. By statute, c. 121, § 9, the respondent might, on motion to the Court, at any time before judgment be allowed to appear and defend. At the time of the trial, her adverse seizin had ripened into a perfect title. There could have been no objection to her appearance then, if she had not appeared before. Her right did not depend upon the time when she entered her appearance upon

the docket, but upon the title, which she presented at the trial.

Judgment is to be rendered in favor of the respondent for that part of the premises to which the commissioner shall find she has acquired a title by disseizin, and partition is to be made of the residue according to the prayer of the petition.

SHEPLEY, C. J., and TENNEY, HOWARD and APPLETON, J. J., concurred.